UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE HUTTER,

    Petitioner,

v.                                 Case No.11-15246

                                       HON. AVERN COHN

PAUL KLEE,

    Respondent.
_____/

### ORDER GRANTING IN PART PETITIONER'S MOTION FOR ACCESS TO AUTHORITIES AVAILABLE ONLY IN ELECTRONIC DATABASES (LEXIS & WESTLAW) AND OTHER ACCESS-LIMITED PUBLICATIONS (Doc. 10)

I.

This is a habeas case under 28 U.S.C. § 2254. Wayne Hunter, ("Petitioner"), is a state prisoner who is challenging his convictions for first-degree home invasion, M.C.L. § 750.110a(2), carrying a concealed weapon, M.C.L. § 750.227, assault with a dangerous weapon, M.C.L. § 750.82, possession of a firearm during the commission of a felony, M.C.L. § 750.227b, and malicious use of a telecommunications service. Respondent filed a response to the petition on June 4, 2012 (Doc. 6) together with Rule 5 materials (Doc. 7). Petitioner thereafter filed a reply. (Doc. 9).

Before the Court is Petitioner's "Motion for Access to Authorities Available Only in Electronic Databases (LEXIS & WESTLAW) and Other Access-Limited Publications." (Doc. 10) Petitioner requests that Respondent's counsel provide him with paper copies of any unreported decisions or unavailable decisions that counsel cited in the response to the petition. For the reasons that follow, the motion will be granted.

II.

Like other judges in this district, "This Court is concerned about the impact on the appearance of justice when an incarcerated *pro se* litigant like Petitioner lacks access to cases or court rules that are available only on electronic databases like LEXIS and WESTLAW, 'thereby hampering the litigants' opportunities to understand and assert their legal rights.'" *Davis v. Lafler,* 692 F. Supp. 2d 705, 706 (E.D. Mich. 2009)(*quoting Lebron v. Sanders,* 557 F.3d 76, 78 ($2^d$ Cir. 2009)). Because it appears that Petitioner lacks access to electronic databases at the prison library, Respondent's counsel shall provide Petitioner with paper copies of any unpublished and any electronically-available-only opinions that counsel cited in its response. Respondent's counsel will also be directed to provide Petitioner with paper copies of published decisions which Petitioner says are not available at the prison library that are cited in the response.

III.

For the reasons stated above, Petitioner's motion for access to case authorities is **GRANTED**. Respondent's counsel shall provide Petitioner with paper copies of:

(1) any unpublished decisions and electronically-available-only opinions that are cited in the response; and

(2) any published decisions cited in the response from the following volumes that are not available to Petitioner:

    (a) United States Supreme Court Reporter, volumes 1-89 (prior to 1970);

    (b) Federal Reporter, 2nd Series, Volumes 1-420 (prior to 1970);

    (c) Federal Supplement, 1st Series, Volumes 1-306 (prior to 1970);

    (d) Michigan Reports, Volumes 1-377 (prior to 1986); and

    (e) Michigan Appeals Reports, Volumes 1-147 (prior to 1986)

**SO ORDERED.**

        s/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated:  August 13, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 13, 2012, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5160