UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE HUTTER,

        Petitioner,

v.                                  CASE NO. 11-15246
                                    HONORABLE AVERN COHN

PAUL KLEE,

        Respondent.

_____/

## ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO AMEND AND TO HOLD PROCEEDINGS IN ABEYANCE (Doc. 25) AND ADMINISTRATIVELY CLOSING THE CASE

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. In 2009, Petitioner Wayne Robert Hutter was found guilty of first-degree home invasion, felonious assault, carrying a concealed weapon, and felony firearm, following a jury trial in the Circuit Court in Grand Traverse County. Petitioner is serving concurrent sentences of five to twenty years for the home-invasion conviction, two to four years for the assault conviction, two to five years for the concealed-weapon conviction, and two years for the felony-firearm conviction.

Petitioner filed a *pro se* petition, claiming that he is incarcerated in violation of his constitutional rights because his trial counsel was ineffective. (Doc. 1). Respondent filed a response (Doc. 6) and the Rule 5 materials. (Doc. 7). Upon review of the papers, the Court appointed counsel for Petitioner under the Criminal Justice Act. (Doc.

22). Before the Court is Petitioner's motion to amend and motion to stay. Petitioner seeks to amend the petition to assert a claim of ineffective assistance of appellate counsel based on appellate counsel's failure to properly investigate or present Petitioner's ineffective assistance of trial counsel claim. This claim relates directly to evidence as to the home invasion charge, the most serious charge of which Petitioner was convicted. Petitioner also moves to stay the case while he presents this claim in state court. Respondent opposes the motion. For the reasons that follow, the motion will be granted.

## II. Motion to Amend

Fed. R. Civ. P. 15(c)(2), as made applicable to habeas corpus proceedings by 28 U.S.C. § 2242, Fed. R. Civ. P. 81(a)(2), and Habeas Corpus Rule 11, allows a habeas petitioner to amend the habeas petition with "leave of court" any time during the proceedings. Mayle v. Felix, 545 U.S. 644, 655 (2005). Amendments made after a statute of limitations has run can relate back to the date of the original pleading if the original and amended pleadings "arise out of the conduct, transaction, or occurrence." Mayle, 545 U.S. at 655 (quoting Fed. R. Civ. P. 15(c)(2)). "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Id. at 664.

Here, Petitioner's ineffective assistance of appellate counsel claim that Petitioner seeks to add belongs to the same common core of operative facts as his original habeas petition. The ineffective assistance of appellate counsel claim arises from the same facts as the original habeas petition, in which petitioner alleges that he was deprived of the effective assistance of trial counsel. Petitioner's proposed ineffective

assistance of appellate counsel claim is based on appellate counsel's alleged failure to properly present his ineffective assistance of trial counsel claim on his direct appeal with the Michigan Court of Appeals. Therefore, the original and amended petitions would be based on the same common core of operative facts, and Rule 15(c)'s relation back principles would apply to prevent the ineffective assistance of appellate counsel claim from being untimely under § 2244(d)(1)'s statute of limitations. As such, Petitioner is entitled to amend his petition.

### III. Motion to Stay

Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process. *O'Sullivan*, 526 U.S. at 845. The petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans*, 228 F.3d at 681; *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). For a Michigan prisoner, each issue must be

presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Here, Petitioner seeks a stay so that he may present the ineffective assistance of appellate counsel claim to the state courts by filing a motion for relief from judgment under Michigan Court Rule 6.500 *et seq.* and then pursuing an appeal if necessary. Petitioner asserts that the factual basis for the claim is not part of the state court record and therefore Petitioner must return to the state court to present his claim on a fully developed record.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics. *Id*. at 277.

Petitioner has shown the need for a stay. His ineffective assistance of appellate counsel claim is unexhausted and the one-year limitations period applicable to federal habeas actions could pose a problem if the Court were to dismiss the petition to allow for further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1)Petitioner has therefore shown good cause for failing to previously present his unexhausted claim to the state courts. Additionally, contrary to Respondent's contention, the claim does not

4

appear to be plainly meritless.  There is also no evidence of intentional delay. Petitioner's claim should be addressed to, and considered by, the Michigan courts in the first instance.  Therefore, proceedings will be stayed.

### IV.  Conclusion

Accordingly, Petitioner's motion to amend and to stay proceedings is GRANTED. Proceedings in this case are STAYED and the petitioner is held in abeyance.

The stay is conditioned on Petitioner presenting his unexhausted claim to the state courts within 60 days of this order by filing a motion for relief from judgment with the trial court.  *Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002).  The stay is further conditioned[1] on Petitioner's return to this Court with a motion to reopen, using the same caption and case number, within 60 days after fully exhausting state court remedies. *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)).

Should Petitioner fail to comply with these conditions, his case may be dismissed.

Finally, this case is CLOSED for administrative purposes pending compliance with these conditions.

SO ORDERED.

                      S/Avern Cohn
                      UNITED STATES DISTRICT JUDGE

Dated:  October 3, 2013

---

[1] Respondent asks that if the motion to amend and stay is granted, time limits be imposed on Petitioner returning to state court and to federal court.  The Court routinely imposes such time limits in circumstances such as this.

11-15246 Hutter v. Klee

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 3, 2013, by electronic and/or ordinary mail.

                     S/Sakne Chami
                     Case Manager, (313) 234-5160